ALICE BUCKINGHAM

*v.*

JAMES LUDLUM.

Concurrent promises, creating a reciprocity of obligation, each constitute a good consideration for the other.

On hearing on demurrer.

*Mr. John M. Buckingham*, for complainant.

*Mr. Thomas N. McCarter*, for defendant.

VAN FLEET, V. C.

This suit presents another part of the protracted and extensive litigation in which these parties have indulged in settling the disputes which have arisen between them in winding up the affairs of the late firm of James Horner & Co. The main object of the bill in the present case is to procure a decree setting aside a deed made by the complainant to the defendant. The bill asks for other relief, but the only question debated on the argument of the demurrer was whether or not the bill contained sufficient facts, if undenied, to entitle the complainant to relief of the

character just indicated. The demurrer denies that the bill contains sufficient equity to entitle the complainant to any relief whatever.

No extended statement of facts need be made. A tolerably complete history of the transactions between these parties leading up to the subject of the present litigation will be found in *Ludlum* v. *Buckingham, 8 Stew. Eq. 71.* For present purposes it will be sufficient to state that the complainant, in August, 1874, brought a suit in this court against the defendant, as the survivor of James Horner, deceased, to obtain an account and settlement of the affairs of James Horner & Co., in which the defendant was, on the 17th of November following, appointed receiver. In April, 1875, the complainant and defendant commenced negotiations with a view of eliminating from the suit in this court " all questions hindering the disposition and sale of the real estate belonging to the partnership." The defendant, on the 26th of April, 1875, proposed, as a means by which this end might be accomplished, that either he or the complainant should make an offer for the real estate belonging to the firm, which the one making the offer should be obliged to take or give as the other should elect, and that the one making the offer should receive, as a consideration for placing himself or herself in the position where he or she would be compelled to become either vendor or vendee, as the other should elect, a conveyance of the title of the other to a tract of land at Elizabethport, containing about five and a half acres, and constituting part of the partnership real estate. On the 10th of May following, the complainant accepted the defendant's proposition, stipulating, however, that the defendant should make the give-or-take offer. On the 9th of June, 1875, an agreement in writing, expressing in detail the contract thus made, was executed by the parties, and the complainant, on the same day, or the day following, executed a deed for the Elizabethport property, and delivered it to a third person, to be held in escrow until the defendant made his offer. The defendant made an offer within the time limited by the contract, and the complainant thereupon elected to take the real estate on the terms offered by the defendant. The deed for the

Elizabethport property was then delivered to the defendant. This suit is brought to avoid that deed. The complainant did not keep her contract, and the defendant subsequently brought a suit in this court to compel her to specifically perform it, but he failed because, in the opinion of the court, his conduct towards the complainant had been such as to disentitle him to relief. *Ludlum* v. *Buckingham, 8 Stew. Eq. 71 ;* and he failed also in the court of errors and appeals, because, in the opinion of that court, he was not able himself to perform the contract which he was seeking to compel the complainant to perform. *S. C. on appeal, 12 Stew. Eq. 563.*

This statement presents the complainant's whole equity so far as her bill exhibits any case upon which relief of the nature she asks can be given. Her bill contains many other charges against the defendant, imputing gross misconduct to him both as surviving partner and as receiver, but having little or no legal or logical connection with the relief she seeks in this suit. They seem to have been inserted for the purpose of charging that the defendant's general course of conduct towards the complainant, in all their transactions in relation to the partnership affairs, had been such as to justify the belief that he would defraud her whenever an opportunity to do so occurred, and thus making it easy for the court to presume that he had done so in the particular transaction in respect to which relief is sought.

Stripped of these impertinent averments, the complainant's bill seems to me to be destitute of the least speck of equity.

The deed the complainant seeks to invalidate was made by her in fulfillment of her contract obligation. She made the contract after full consideration. It was proposed to her on the 26th of April, 1875 ; she held the proposal under consideration until the 10th of May following, and then agreed to it, but the formal written agreement was not signed until June 9th. She had sufficient time for thorough investigation and the most mature consideration. In view of the hostility of the parties, and the period of time which elapsed between the inception and conclusion of their negotiations, I think the court is bound to assume that the parties dealt cautiously, and with full knowledge of all

the facts which would be likely to influence their action. The contract had a highly beneficial object. It was made in the interest of peace, to prevent, if possible, further litigation respecting the real estate. Its negotiation was initiated by Vice-Chancellor Dodd. The contract declares that the proposition which the defendant made to the complainant, and which afterwards became the basis of their formal agreement, was the result of a consultation between the parties, which they held at the vice-chancellor's chambers, on the vice-chancellor's invitation, and in his presence. These facts appear on the face of the complainant's bill. Their legal effect is evident. They serve to fortify the validity of the instrument assailed in the strongest possible manner. With these facts before it, it is manifest that it is the duty of the court to see to it that the party holding the deed is not put to the expense and trouble of maintaining its validity, unless the case made by the bill against its validity is clearly sufficient, if unanswered, to make it the duty of the court to set the deed aside.

The argument in support of the bill, though embracing ten different propositions, may be fully presented under three heads. They are: *First.* That the defendant, by his wrongful conduct in preventing the complainant from performing her part of the contract, made the whole contract void, not only that part of it which remained to be performed when his wrongful conduct began, but also that part of it which had already been executed. *Second.* That both the contract and the deed were without consideration; and *Third.* That the deed to the defendant was prematurely delivered; in other words, according to the true meaning of the contract, the defendant was required not only to make an offer for the real estate, which the complainant should be at liberty to take or give as she should elect, to entitle himself to a conveyance of the complainant's interest in the Elizabethport property, but he was also required to perform, as a condition precedent to the delivery of the deed, all other parts of the contract on his part to be performed. Neither of these propositions possesses, in my opinion, the slightest substance. The contract plainly provides that the defendant, by merely offering a price

for the real estate, which the complainant shall have a right to· require him either to take or give, shall, at once, be entitled to a conveyance of the complainant's interest in the Elizabethport property, as the consideration which should be given to him for placing himself in a position where he became bound to become either the vendor or vendee of the real estate, at the price he· had offered, as the complainant might elect. The contract, in this respect, is free from the least obscurity ; the intention of the· parties is stated in the clearest and simplest words, and there can be no doubt that the moment that the defendant had made his offer that he had done all that the contract required him to do· to entitle him to a conveyance of the Elizabethport property. His offer was the price he was to 'pay for the deed. The de-- fendant's proposal in this regard was eminently fair. The complainant, by taking the place which she elected the defendant should take, would have entitled herself, from the defendant, to· just what she gave him. It is entirely clear that both the contract and deed were founded upon sufficient considerations. A promise is a good consideration for a promise. They must be· mutual and concurrent, so that they create a reciprocity of obligation, but when that is the case they constitute as perfect a consideration as a contract can have. *1 Chit. on Con. (11th Am. ed.) 50 ; 1 Pars. on Con. 477.* The deed has the support of a further consideration, the option which the contract gave the complainant to make the defendant either vendor or vendee of the real estate, as she might elect. There can be no doubt that the deed is valid. It conveys the land described in it without condition or limitation, vesting it in the defendant absolutely. That being the case, the deed being valid, and the land having been conveyed by title absolute, I know of no rule of law which empowers this court or any other, for wrongs or frauds which the defendant has committed against the complainant since the deed was delivered, to take the land from the defendant and restore it to the complainant.

The bill states a further ground why the deed should be set aside, namely, that the defendant having been appointed the receiver of the partnership assets, became thereby the trustee of

the complainant, and was thus placed in a position where it was impossible for him to acquire a title to any part of the partnership real estate, which the complainant could not successfully impeach. In a previous case between these parties my views on this subject were fully expressed (*Ludlum* v. *Buckingham, 8 Stew. Eq. 71*), and I need, therefore, now do no more than say that nothing was suggested on the argument of this case which has induced a change in them.

The demurrer must be sustained, and complainant's bill be dismissed, with costs.